### CLARK v. CONGREGATIONAL SOCIETY.

Where issues are awarded in a suit in equity, after proofs are taken, the court may, in its discretion, direct that on the trial of those issues the depositions already taken may be read, unless the attendance of the witnesses is actually procured, and also that such further evidence may be adduced, including the testimony of the parties, as by law would be competent on the trial of such issues.

THIS is a bill in equity, in which, after proofs had been taken, issues were awarded. The material facts are sufficiently stated in the opinion of the court.

*Lane,* for the plaintiff.

*Wheeler & Faulkner,* for the defendant.

BELLOWS, J. The only question now remaining is, what shall be the manner of proceeding in the trial of these issues? and this is addressed very much to the discretion of the court.

The pleadings and proofs taken show a serious conflict between the parties upon the questions whether the deed of the plaintiff was delivered, and whether certain lands therein described were included by fraud, accident, or mistake; and the nature of the conflict, and the character of the testimony taken, are such as to make it expedient, in our judgment, that there be some provision for a *viva voce* examination of the witnesses, especially in view of the interest of the principal witnesses, and the conflict between them. Such an examination before the tribunal which is to find the issues will be likely to elicit the truth more clearly than it can be done by depositions.

In many cases, and perhaps in most, it might not be so, and then, according to *Marston* v. *Brackett,* 9 N. H. 350, the court might properly direct that the testimony already taken should be read. Still, in the English practice, where there is no constitutional right to issues, and where, consequently, the chancellor would not be disposed to award issues unless in cases of difficulty, the order allowing

the testimony already taken to be read seems generally to be subject to the provision that the witnesses are unable to attend.    2 Dan. Ch. Pr. 1303; *Palmer* v. *Lord Aylesbury*, 15 Ves. 176, and note 1, and cases cited.    In Gresley's Equity Ev. 404, it is said that the order frequently contains a direction "that the parties be at liberty to read depositions taken in the cause, of such witnesses as upon the trial shall be proved to be dead or unable to attend to be examined."    In *Tappan* v. *Evans*, 11 N. H. 335, the order provided that the parties might use the bill and answer, and any evidence legally taken to be used in the hearing in chancery, and also such further evidence as might legally be offered upon the trial of said issue at law.

Upon the whole, under the circumstances of this case, we think it a proper exercise of discretion to order that the depositions may all be read on the trial of these issues, unless in cases where the attendance of the witness is actually procured.    In this way it will be in the power of either party, by procuring the attendance of the witness, to substitute a *viva voce* examination for the deposition, as in ordinary cases, when his interest may seem to require it.    Therefore let the following decree be entered:

The plaintiff in this case having, on motion, obtained an award of issues to be tried by the jury, which are already framed and settled, and filed in the cause, it is ordered that said issues be sent to the trial term of this court, in this county, for trial by the jury, the verdict thereon to be certified to the law term of this court. And it is further ordered, that the plaintiff here shall be regarded as the plaintiff in the trial of these issues, and that the parties upon the trial may read the bill and answers, and any evidence legally taken to be used on the hearing in chancery, unless in cases where the attendance of any of the witnesses is actually procured; and also may offer such other and further evidence, including the testimony of the parties, as in law would be competent on the trial of such issues.